67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Joseph Ilderim EVANS, Appellant.
 No. 95-1552
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 13, 1995
Filed: Sept. 22, 1995
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Ilderim Evans appeals the 57-month sentence imposed by the district court[1] after he pleaded guilty to armed bank robbery, in violation of 18 U.S.C. Sec. 2113(a), (d). We affirm.
 
 
 2
 Evans's presentence report recommended a five-level increase to his base offense level under U.S.S.G. Sec. 2B3.1(b)(2)(C) for brandishing, displaying, or possessing a firearm during the robbery. Evans objected, contending that he used a pellet gun-defined as a dangerous weapon rather than as a firearm-and thus he should receive only a three-level increase under U.S.S.G. Sec. 2B3.1(b)(2)(E). At sentencing, a Federal Bureau of Investigation special agent, to whom Evans confessed, testified that Evans told him he entered the bank holding a .45 caliber gun and that Evans never told him he had an air gun, a pellet gun, or a BB gun.[2] Evans testified that the gun looked exactly like a .45 caliber handgun, but was actually a Crossman air gun. He said he habitually referred to it as a .45 caliber gun rather than having to explain to people that it was an air gun. He told the court that he first informed his attorney it was an air gun "after [he] learned it made a difference," and that he knew there was "a lot of difference between a pellet gun and a .45 caliber."
 
 
 3
 Discrediting Evans's testimony, the district court overruled his objection. On appeal, Evans contends the district court clearly erred in finding he used a firearm during the robbery.
 
 
 4
 The Sentencing Guidelines define a firearm as any weapon capable of expelling a projectile by the action of an explosive; weapons known as BB or pellet guns, however, are defined as dangerous weapons. See U.S.S.G. Secs. 1B1.1, comment. (n.1(e)); 2B3.1, comment. (n.1). Having carefully reviewed the record, we conclude the district court did not clearly err in determining that Evans used a firearm and not a dangerous weapon during the robbery. See United States v. Gleason, 25 F.3d 605, 609 (8th Cir.) (standard of review), cert. denied, 115 S. Ct. 283 (1994); see also United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993) (district court's credibility assessment virtually unreviewable on appeal).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas
 
 
 [2]
 Evans sought to suppress this confession prior to pleading guilty. His counsel, however, expressly stated at sentencing that Evans had not entered a conditional guilty plea under Fed. R. Crim. P. 11. Thus, Evans did not preserve the issue for appellate review. See United States v. Jennings, 12 F.3d 836, 839 & n.4 (8th Cir.1994)